**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

JAMES HOSKINS,

       Plaintiff,

       v.                               Case No. 06-C-867

LT. PAMELA ZANK,
CAPTAIN MICHAEL DITTMANN,
and OFFICER LEHMAN,

       Defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DOC. #38) AND GRANTING PLAINTIFF'S MOTION TO STAY (DOC. #52) AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

       Plaintiff, James Hoskins, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. The plaintiff is suing on the November 21, 2006, amended complaint claiming denial of procedural due process and denial of access to the courts based on allegations that the defendants confiscated his legal materials and harmed his newly-purchased television set when he was transferred from Kettle Moraine Correctional Institution (KMCI) to Waupun Correctional Institution (WCI). Before the court are the defendants' motion to dismiss for failure to exhaust administrative remedies and the plaintiff's motion for abeyance.

       The defendants contend that the court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) because the plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act. When ruling on a Rule 12(b)(6) motion to dismiss, the court must focus on the pleadings of the parties. If "matters outside the pleadings are presented to and not excluded by the court" in connection with a motion to dismiss for failure to state a claim, "the motion must be treated as one for

summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Additionally, all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

In support of their motion to dismiss, the defendants filed public records and other documents from public offices, which are judicially noticeable. *See Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (a court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment). However, the defendants also filed the Affidavit of Thomas J. Gozinske, which includes certain averments that are not judicially noticeable. Therefore, the motion to dismiss is appropriately treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); Civil L.R. 12.1 (E.D. Wis.).

A district court cannot properly rule upon a motion for summary judgment without providing the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982); Fed. R. Civ. P. 12(d). This means that a *pro se* prisoner, who is a plaintiff in a civil case, is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment or to motion to dismiss supported by affidavits. *Lewis*, 689 F.2d at 101. In this case, counsel for the defendants has provided the plaintiff with the required notice. Specifically, the plaintiff was provided with "a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion", as well as the text to Fed. R. Civ. P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1. *See* Civil L.R. 56.1 (E.D. Wis.). As such, their motion to dismiss will be converted into a motion for summary judgment.

2

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute of "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Anderson*, 477 U.S. at 267; *see also Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings . . ."). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

In evaluating a motion for summary judgment, courts draw all inferences in a light most favorable to the nonmoving party. *Johnson v. Pelker*, 891 F.2d 136, 138 (7th Cir. 1989). "However, we are not required to draw every conceivable inference from the record

3

– only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (citation omitted).

## FACTS[1]

**1. Background**

At all times relevant to this action, the plaintiff was incarcerated at KMCI and WCI. The defendants are KMCI employees Pamela J. Zank, Michael A. Dittmann, and Kurt L. Lehman. According to records maintained by the Wisconsin Department of Corrections (DOC), the plaintiff was initially incarcerated on April 21, 2004. (Affidavit of Thomas J. Gozinske [Gozinske Aff.] ¶ 16.)[2] On July 12, 2004, the plaintiff was transferred to KMCI. (Gozinske Aff. ¶ 17.) On January 6, 2006, the plaintiff transferred to WCI. (Gozinske Aff. ¶ 18.) On January 10, 2007, he transferred to Oak Hill Correctional Institution. (Gozinske Aff. ¶ 19.)

> The plaintiff alleges:
>
> On 9-19-05, while serving time at (KMCI) I was sent to segregation. While there Officer Perry Scheider, was said to have sent my property to segregation immediately, upon reaching seg. I requested my legal work, however, I never received it. Even so I continue to submit several request; I also explained in those submissions that the case no. 03-C-0334 was at bar, and I had prepared case laws, and other necessary papers to properly respond to summary judgment filed by defendants. This dossier of information consists of: several years of research correspondence from various attorneys, and judgment order by the courts. Such information is envaluable [sic] to an inmate; and highly difficult, very expensive and [ ] impossible to obtain from prison by an inmate! Finally after being transferred to (W.C.I.) and continuing filing complaints I received only porting [sic] of my missing materials absent was my newly purchas[ed], TV set and

---

[1] Facts are taken from the Amended Complaint and the Affidavit of Thomas J. Gozinske.

[2] Thomas J. Gozinske is employed by the Wisconsin Department of Corrections as a Corrections Complaint Examiner. (Gozinske Aff. ¶ 2.) His affidavit it based on his personal knowledge and a review of the regularly conducted records of his office, of which he is a custodian. (Gozinske Aff. ¶ 1.)

4

> case no. 02-c581 appellate no 022814, and case no.034025 originally filed in the eastern district alone [sic] with other miscellaneous materials. These materials consist of two plastic bags, with the weight capacity of about 20-25 lbs per bag, labor legal work! It is the plaintiff belief that these materials were being held in abeyance based on previous conversations with Lt. Zank and security Officer Dittman. However, this event, turn out to be illicit act of malice. Even so, it prevented me from Submittion [sic] papers regarding the said case at bar.

(Am. Compl. at 1.)

For relief, the plaintiff requests, ". . . ½ of the exact cost for replacement, shipping and handling" of his television set. *Id.* He also seeks to be reimbursed twenty-five cents per page for "reproduction by the federal Courts; and 500.00 for the loss of other personal property, and sentimental values." *Id.* He also requests punitive damages. *Id.*

**2. Exhaustion**

**a) Claim re: not receiving his property (including legal property) while at KMCI**

The plaintiff complained that he did not receive his property, including legal property, while he was in segregation at KMCI in September 2005. (Gozinske Aff. ¶ 20.) According to the records maintained by the Corrections Complaint Examiner office, the plaintiff did not submit any offender complaints under the Inmate Complaint Review System related to not receiving property, including his legal property, while he was housed in segregation at KMCI during September 2005. (Gozinske Aff. ¶ 21.)

**b) Claim re: being denied access to the courts while at KMCI**

The plaintiff did not submit any offender complaints under the Inmate Complaint Review System during his stay at KMCI from July 12, 2004, through January 6, 2006, related to denial of access to the courts. (Gozinske Aff. ¶ 22.)

5

**c) WCI-2006-1015 re: missing property (legal property) and broken television set**

On January 10, 2006, the WCI Inmate Complaint Examiner received the plaintiff's offender complaint, which was assigned DOC Complaint File Number WCI-2006-1015. (Gozinske Aff. ¶ 23, Ex. 1000 at 1, 3-4.) The plaintiff complained of missing property (including legal work) upon his transfer to WCI. *Id.*

On January 24, 2006, the WCI Inmate Complaint Examiner received an amended offender complaint related to WCI-2006-1015. (Gozinske Aff. ¶ 24, Ex. 1000 at 2.) In his amended offender complaint, the plaintiff maintained that his television was broken during transit to WCI. *Id.*

On February 2, 2006, the KMCI Inmate Complaint Examiner issued an "ICE Report" on WCI-2006-1015, and recommended that the offender complaint be affirmed because the plaintiff's missing property was found in a locker box, and that it was forwarded to him at WCI. (Gozinske Aff. ¶ 25, Ex. 1000 at 4.) On February 3, 2006, a "Reviewer's Decision" was issued to affirm offender complaint DOC Complaint File Number WCI-2006-1015. (Gozinske Aff. ¶ 26, Ex. 1000 at 5.) The "Reviewer's Decision" dated February 3, 2006, included the following printed information:

> A complainant dissatisfied with a decision may, within 10 calendar days after the date of the decision, appeal that decision by filing a written request for review with the Corrections Complaint Examiner on form DOC-405 (DOC 310.13, Wis. Adm. Code)

(Gozinske Aff. ¶ 27, Ex. 1000 at 5.)

On February 10, 2006, the WCI Inmate Complaint Examiner received another amended offender complaint related to WCI-2006-1015. (Gozinske Aff. ¶ 28, Ex. 1000 at 6.) In this amended complaint, the plaintiff continued to complain of missing property. *Id.*

On April 7, 2006, the Correction Complaint Examiner's Office received "Request for Corrections Complaint Examiner Review," wherein the plaintiff contended that he was still missing part of his property and that his television set was damaged during transit to WCI. (Gozinske Aff. ¶ 29, Ex. 1000 at 7-9.) On April 7, 2006, a "CCE Report" recommended that the offender complaint WCI-2006-1015 be dismissed because the plaintiff's request for appeal was not timely received, and the plaintiff failed to offer any good cause for the late appeal. (Gozinske Aff. ¶ 30, Ex. 1000 at 10.) On May 17, 2006, an "OOS Report" was issued, wherein the Office of the Secretary dismissed offender complaint DOC Complaint File Number WCI-2006-1015. (Gozinske Aff. ¶ 31, Ex. 1000 at 11.)

**ANALYSIS**

The defendants contend that, 1) the plaintiff did not exhaust his administrative remedies relating to his alleged denial of access to the courts claim; 2) the plaintiff did not exhaust his administrative remedies on his due process claim relating to missing property while at KMCI; and 3) the plaintiff did not exhaust his administrative remedies on his due process claim relating to missing property (legal property) and the broke television set while at WCI.

The plaintiff contends that he has exhausted all administrative remedies and has tried diligently to resolve this matter through all other means available. He further contends that his filings and the defendants' submissions demonstrate that he did everything in his power to comply with administrative policy and the Prison Litigation Reform Act.

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

> until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 126 S.Ct. 2378, 2384, 2387 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the DOC has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

8

Case 2:06-cv-00867-CNC    Filed 01/31/08    Page 8 of 12    Document 53

To use the ICRS, an inmate must file a complaint with the Inmate Complaint Examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). After reviewing and acknowledging each complaint in writing, the Inmate Complaint Examiner either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within 10 days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. The appropriate reviewing authority shall do one of the following: 1) dismiss the complaint; 2) dismiss the complaint with modifications; 3) affirm the complaint; 4) affirm the complaint with modifications; or 5) return the complaint to the Inmate Complaint Examiner for further investigation. Wis. Admin. Code § DOC 310.12(2).

An inmate may appeal an adverse decision under § DOC 310.11(6), which provides for an appeal of a rejected inmate complaint, or § DOC 310.13, which provides for an appeal by a complainant dissatisfied with a reviewing authority decision. Wis. Admin. Code § DOC 310.07(4). If an inmate complaint is affirmed, the "department shall implement the affirmed decision within 30 working days from the date of decision." Wis. Admin. Code § DOC 310.15(1). If an affirmed complaint is not implemented within that time period, "the complainant may directly inform the decision-maker in writing of the failure to implement the decision." Wis. Admin. Code § DOC 310.15(2).

**1. Property and Access to the Courts at KMCI**

It is undisputed that the plaintiff filed no inmate complaints regarding his property or denial of access to the courts while he was at KMCI. Hence, the plaintiff did not exhaust these claims and these claims may be dismissed.

**2. Property and Access to the Courts at WCI**

It is undisputed that on January 10, 2006, the plaintiff filed WCI-2006-1015. An amended offender complaint related to WCI-2006-1015 was filed on January 24, 2006, which, although not entirely clear, the Inmate Complaint Examiner apparently accepted and considered with the original offender complaint. On February 2, 2006, the Inmate Complaint Examiner recommended that WCI-2006-1015 be affirmed because the plaintiff's missing property had been found and forwarded to him at WCI. On February 3, 2006, the "Reviewer's Decision" was issued affirming WCI-2006-1015. On February 8, 2006, the plaintiff submitted another offender complaint amendment to WCI-2006-1015 in which he contended that he had received some, but not all, of his missing property. It is unclear whether he received a response to this. Then, on April 5, 2006, the plaintiff submitted his appeal to the Corrections Complaint Examiner, which was dismissed as untimely filed.

In support of their assertion that the plaintiff failed to exhaust all available remedies, the defendants point to boiler-plate language on the bottom of the February 3, 2006, Reviewer's Decision which states that, "[a] complainant dissatisfied with a decision may, within 10 calendar days after the date of the decision, appeal that decision by filing a written request for review with the Corrections Complaint Examiner[.]" (Gozinske Aff. ¶ 27, Ex. 1000 at 5.) The defendants contend that because the plaintiff's appeal to the Corrections Complaint Examiner was filed on April 5, 2006, he did not timely appeal and has not exhausted administrative remedies. *See Woodford*, 126 S.Ct. at 2384, 2387.

However, Inmate Complaint WCI-2006-1015 was affirmed, meaning that the plaintiff received a favorable decision. Upon receiving the Reviewer's Decision, there was no reason why the plaintiff would be dissatisfied. Furthermore, the administrative rules do not provide for an appeal to the Corrections Complaint Examiner for an affirmed inmate

complaint. Rather, the rules provide for such an appeal for a rejected inmate complaint or for an "adverse decision". Wis. Admin. Code § DOC 310.07(4).[3]

This case is similar to *Dixon v. Page*, 291 F.3d 485, 487 (7th Cir. 2001), where the prisoner alleged that he had been beaten by prison officials. He filed several grievances and was granted a transfer to another prison. *Id.* However, the transfer never took place. *Id.* at 490. The State argued that the prisoner failed to exhaust administrative remedies because he should have done something administratively to compel the prison to meet its obligation to transfer him. *Id.* The court rejected this argument stating that, "[r]equiring a prisoner who has won his grievance in principle to file another grievance to win in fact is certainly problematic." *Id.*[4]

In this case, based on the defendants' arguments in support of their motion to dismiss, it is unclear what action the plaintiff should have taken to fully exhaust his administrative remedies. It does not appear that an appeal to the Corrections Complaint Examiner was proper for the plaintiff's affirmed inmate complaint. However, it does appear that the plaintiff could have "directly informed the decision-maker in writing of the failure to implement the decision." Wis. Admin. Code § DOC 310.15(2). Neither party has addressed whether the plaintiff did this. Hence, the court cannot conclude on this record that the plaintiff failed to exhaust. *See Dole*, 438 F.3d at 809 (exhaustion is an affirmative defense, and the

---

[3] Although the defendants do not mention it, the administrative rules have a procedure relating to implementation of affirmed complaints. *See* Wis. Admin. Code § DOC 310.15. Under this procedure, the DOC has 30 days to implement an affirmed complaint. Wis. Admin. Code § DOC 310.15(1). If an affirmed amended complaint is not implemented within that time period, "the complainant may directly inform the decision-maker in writing of the failure to implement the decision." Wis. Admin. Code § DOC 310.15(2).

[4] However, the court affirmed dismissal of the claim for failure to exhaust because the prisoner did not appeal directly to the Director of the Illinois Department of Corrections, which the relevant administrative rules provided for. *Id.*

11

burden of proof is on the defendants). As a consequence, the defendants' motion to dismiss with regard to the plaintiff's claims while incarcerated at WCI must be denied.

On December 14, 2007, the plaintiff filed a "Motion for Abeyance." The plaintiff asserts that due to his enrollment in an intense drug and alcohol rehabilitation program he is not allowed to conduct any legal work. He requests that the court hold this case in abeyance until the program is terminated. The defendants have not filed a response to this motion. Upon due consideration, the plaintiff's motion will be granted. This action will be stayed until further notification from the plaintiff.

Now, therefore,

**IT IS ORDERED** that the defendants' motion to dismiss (Doc. # 38) is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay (Doc. # 52) is **GRANTED**. This action is dismissed for administrative purposes. The plaintiff may seek ro reopen this case no later than August 1, 2008, provided he has exhausted his administrative remedies.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE